**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF SCHIRONE WILLIAMS, | |
| Appellant | No. 565 WDA 2015 |

Appeal from the PCRA Order March 26, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014658-2004

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 29, 2016**

Jeff Schirone Williams ("Appellant") appeals *pro se* from the order dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm in part, vacate in part, and remand.

A panel of this Court set forth the underlying facts[1] of this case in a previous PCRA appeal, in which Appellant raised claims of PCRA court error, Commonwealth violations of **Brady v. Maryland**, 373 U.S. 83 (1963), and

---

[1] As a result of an incident on September 21, 2004, involving a fourteen-year-old girl, Appellant was convicted of kidnapping and corruption of minors. N.T., 1/3–10/07, at 754. Appellant was sentenced to incarceration for an aggregate period of fifteen to thirty years. N.T., 6/25/07, at 56–59; Sentencing Order, 6/25/07.

sentencing error. ***Commonwealth v. Williams***, 114 WDA 2012, 69 A.3d 1290 (Pa. Super. filed March 12, 2013) (unpublished memorandum at 1–4). That panel affirmed in part and vacated in part the PCRA court's order and remanded for a hearing on the question of whether Appellant should have received credit for time served. ***Id.*** (unpublished memorandum at 16). On remand, the trial court conducted a hearing on June 12, 2013, and entered an order denying Appellant credit for the period of September 18, 1991, to September 16, 2000, and awarding Appellant three months and twelve days of credit for the period of September 17, 2000, to December 29, 2000. Sentencing Order, 6/26/13.

On July 26, 2013, Appellant filed a timely notice of appeal from the sentencing order, which this Court affirmed. ***Commonwealth v. Williams***, 1236 WDA 2013, 97 A.3d 809 (Pa. Super. filed February 20, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Appellant filed the instant PCRA petition on June 12, 2014, challenging the June 26, 2013 sentencing order. The PCRA court appointed counsel, who filed a brief in support of Appellant's petition on November 6, 2014. The Commonwealth filed an answer on December 12, 2014, and the PCRA court filed a notice of intent to dismiss on January 13, 2015. Appellant filed a counseled response to the PCRA court's notice on January 29, 2015. On February 18, 2015, Appellant, acting *pro se*, filed a response and a motion

for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Following the *Grazier* hearing, the PCRA court permitted counsel to withdraw and Appellant to proceed *pro se* on March 17, 2015. Upon order of court, the Commonwealth filed another response to Appellant's petition on March 23, 2015. The PCRA court denied Appellant's petition on March 26, 2015. This appeal followed on April 8, 2015. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three questions for our consideration:

1. Whether Appellant's sentence imposed on June 26, 2013, and sent by mail is illegal because Appellant was not present which waived all sentencing errors pertaining to that sentence?

2. Whether Appellant's sentence under 42 PA. C.S. 9714 pursuant to Alleyne and Hopkins is unconstitutional because it is not solely based on a prior conviction but instead a "crime of violence" and the preponderance of evidence standard has been ruled unconstitutional and not severable in the statues [sic] of 6317, 9712, 9713, and 9718 which contained the same language found in 9714(d)?

3. Whether the court erred by miscalculating Appellant's offense gravity score for [intent] to deliver marijuana less than a pound?

Appellant's Brief at 5 (full capitalization omitted).

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the

- 3 -

findings in the certified record." **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address whether Appellant's petition is properly before us. Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651–652 (Pa. Super. 2013) (citing **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000)). "A judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant was originally sentenced in June of 2007 ("the 2007 sentence"). On remand from this Court's grant of collateral relief, the trial court imposed a new sentence on June 26, 2013 ("the 2013 sentence"). Sentencing Order, 6/26/13. This Court affirmed the new sentencing order, disposing of Appellant's time-credit claim. **Commonwealth v. Williams,** 1236 WDA 2013, 97 A.3d 809 (Pa. Super. filed February 20, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Therefore, the 2013 sentence became final on March 22, 2014, thirty days after the time for filing a

petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year from March 22, 2014, to file a timely PCRA petition challenging the 2013 sentence. Appellant filed the instant petition on June 12, 2014. Thus, to the extent it raises claims related to the 2013 sentence, the petition is timely.

Appellant's first challenge to the 2013 sentence is to the imposition of court costs as "an additional penalty that was waived by the [c]ourt in the initial sentencing proceeding. (S.T. 6/25/07 at 58)." Appellant's Brief at 14. We shall treat Appellant's claim as a challenge to the legality of the 2013 sentence. *See Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013) (stating that claim contesting authority of sentencing court to impose fees and costs constitutes challenge to legality of sentence). Although this claim was not expressly presented in his direct appeal of the June 23, 2013 sentencing order, as a challenge to the legality of the sentence, it cannot be waived. *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014).

The PCRA court disposed of this sentencing claim as follows:

[Appellant] raised a claim alleging it was error for the . . . Court to award credit for time served by entering an order, rather than doing so in open court in the presence of [Appellant]. [Appellant's] most recent Petition for Relief was denied on March 25, 2015. The [c]ourt entered an Order of Court, which awarded credit for time served on June 26, 2013. [Appellant's] appeal was filed on July 26, 2013, yet he failed to include this claim in the appeal filed at No. 1236 WDA 2013. Accordingly, the claim was known to [Appellant], yet he failed to

- 5 -

object to preserve it in a timely fashion, and, accordingly, he has waived this alleged issue of error.

PCRA Court Opinion, 7/8/15, at 3.

According to Appellant, his claim "has nothing to do with time credit," which the court resolved "in the presence of [Appellant]." Appellant's Brief at 16 (citing N.T., 6/26/13, at 29–32). Rather, Appellant challenges what occurred after the re-sentencing hearing, "when the trial court imposed a modified sentence by order, which included court cost[s] and failed to inform [Appellant] of such order." *Id.* Appellant asserts that a second June 26, 2013 order, which included the costs, was the sentencing order he received by mail after he filed his notice of appeal from the 2013 sentence. *Id.* Thus, this appears to be Appellant's first opportunity to challenge the imposition of costs that were previously waived.

Upon review of the record, we agree with Appellant that the PCRA court mischaracterized his legality-of-sentence claim by focusing on the time-credit issue. PCRA Court Opinion, 7/8/15, at 3. Moreover, the record supports Appellant's contention that costs were waived at his first sentencing and would be paid by the County. N.T., 6/25/07, at 58; Sentencing Order, 6/25/07. The record also supports Appellant's claim that two sentencing orders were issued on June 26, 2013: one was prepared by the trial court and titled "Order." Docket No. 86. The second appears to be a computer-generated form titled, "Sentence Modified 6/26/13 for Time Credit." Docket No. 94. The Order does not mention costs, but the form states, "The

- 6 -

defendant is to pay all applicable fees and costs unless otherwise noted below," and no notations are included. **Id.**

Our limited remand directed the trial court to conduct a hearing on the credit-for-time-served issue. **Williams**, 114 WDA 2012 (unpublished memorandum at 16). The trial court addressed that issue, but it appears also to have imposed fees and costs that were not included as part of the 2007 sentence. Whether the imposition of fees and costs as part of the 2013 sentence was intentional or a clerical oversight is not clear on the record. Given this uncertainty, we conclude that Appellant is entitled to contest the imposition of previously waived fees and costs. Therefore, we vacate the PCRA order and remand for a determination of whether Appellant is responsible for fees and costs.

Next, Appellant argues that the 2013 sentence is illegal under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). Appellant's Brief at 18–22. The PCRA court found that Appellant did not raise this issue in the instant PCRA petition or at the PCRA hearing, and therefore, it denied relief on the basis of waiver. PCRA Court Opinion, 7/8/15, at 3. Although we do

not find waiver,[2] we affirm the denial of relief on Appellant's *Alleyne*/*Hopkins* challenge.

Initially, we note that the 2007 sentence is not subject to an *Alleyne* analysis because that sentence became final in 2010, before *Alleyne* was decided on June 17, 2013. *Commonwealth v. Williams*, 727 WDA 2008, 4 A.3d 181 (Pa. Super. filed May 3, 2010). *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015) (holding that *Alleyne* may not be applied in a PCRA setting where the judgment of sentence became final before *Alleyne* was decided). However, our remand to the trial court for a hearing on the credit-for-time-served issue benefitted Appellant in that the 2013 sentence was imposed after *Alleyne* was decided. Given this unique procedural and temporal twist, we will review the 2013 sentence—which includes a statutory enhancement—pursuant to *Alleyne*.

"In *Alleyne*, the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact." *Riggle*, 119 A.3d at 1064. *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

---

[2] *See Commonwealth v. Ruiz*, 2015 PA Super 275 at *5, ___ A.3d ___, ___ (Pa. Super. filed December 30, 2015) ("[A]n *Alleyne* claim is a non-waivable challenge to the legality of sentence. Such a claim may be raised on direct appeal, or in a timely filed PCRA petition.").

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). In **Hopkins**, the Pennsylvania Supreme Court addressed:

> questions regarding the constitutionality and severability of 18 Pa.C.S. § 6317(a)—which imposes a mandatory minimum sentence of two years total confinement upon a defendant for a conviction if a delivery or possession with intent to deliver a controlled substance occurs within 1,000 feet of, *inter alia*, a school—in light of the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

**Hopkins**, 117 A.3d at 249.

The record indicates that Appellant was previously convicted of kidnapping and aggravated indecent assault in 2001. Notice, 5/11/07, at ¶ 1; N.T., 6/25/07, at 21–22, 35. In the criminal case underlying this appeal, Appellant was convicted of kidnapping for ransom, 18 Pa.C.S. § 2901(a)(1).[3] The Commonwealth gave notice of a second-strike sentence, which notice Appellant received. Notice, 5/11/07, at ¶ 6; N.T., 6/25/07, at 37. Consequently, the trial court imposed a mandatory minimum sentence of ten years for a second or subsequent offense pursuant to 42 Pa.C.S. § 9714 on

---

[3] "[A] person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions: (1) To hold for ransom or reward, or as a shield or hostage." 18 Pa.C.S. § 2901(a)(1).

the instant kidnapping conviction. N.T., 6/25/07, at 56; Sentencing Order, 6/25/07. The 2013 sentence also includes the section 9714 enhancement.

Section 9714 provides, in relevant part, as follows:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

* * *

**(d)  Proof at sentencing.--** Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender.  The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. . . .

42 Pa.C.S. § 9714(a), (d).

In an effort to overturn the sentencing enhancement, Appellant argues that the fact triggering application of section 9714(a)(1) is whether he committed a crime of violence.  Applying **Alleyne**, Appellant suggests that a

jury did not find that the kidnapping "was committed as an 'act of violence'" because it acquitted him of other charges which would suggest violence, *e.g.*, false imprisonment and unlawful restraint. Appellant's Brief at 21. Applying **Hopkins**, Appellant argues that section 9714(d) is unconstitutional, because it contains the same "preponderance of the evidence" standard for establishing a prior conviction that resulted in 18 Pa.C.S. § 6317 and 42 Pa.C.S. §§ 9712, 9713, and 9718 being declared unconstitutional and not severable. *Id.* at 18.

Regarding Appellant's **Alleyne** argument, his novel analysis on pages 20–21 of his brief involving nonviolent kidnapping scenarios ignores the plain language of section 9714. Section 9714 requires proof of a prior conviction of a "crime of violence." 42 Pa.C.S. § 9714(a)(1). In defining "crime of violence," the Pennsylvania Legislature used the term "kidnapping" in general. **See** 42 Pa.C.S. § 9714(g) ("As used in this section, the term "crime of violence" means . . . kidnapping. . . ."). Therefore, kidnapping—in any form—is a crime of violence by definition for purposes of section 9714. Appellant's contrary claim fails.

Regarding Appellant's **Hopkins** argument, we distinguish section 9714 from the other sentencing statutes he cites, *i.e.*, 42 Pa.C.S. §§ 9712, 9713, 9718, and 18 Pa.C.S. § 6317. Appellant's Brief at 18. Until recently, sections 9712, 9713, 9718 and 6317 required the finding of an additional **factual element** by the trier of fact where the offense involved a firearm,

public transportation, an infant person, or a drug-free school zone, respectively, by a preponderance of the evidence to warrant a sentencing enhancement. **See Alleyne**, 133 S.Ct. at 2158 ("In **Apprendi**, we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed."). Each of these statutes was held unconstitutional because the "preponderance of evidence" standard is insufficient to prove a factual element. **See Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (declaring 42 Pa.C.S. §§ 9712 and 9713 unconstitutional); **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) (declaring 42 Pa.C.S. § 9718 unconstitutional); and **Hopkins**, 117 A.3d 247 (declaring 18 Pa.C.S. § 6317 unconstitutional).

Contrarily, the factor at issue here:

—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence. Consistent with this tradition, the Court said long ago that a State need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime, even though the conviction was necessary to bring the case within the statute. **Graham v. West Virginia**, 224 U.S. 616, 624, 32 S.Ct. 583, 585–86, 56 L.Ed. 917 (1912). That conclusion followed, the Court said, from "*the distinct nature of the issue*," and the fact that recidivism "does not relate to the commission of the offense, *but goes to the punishment only*, and therefore ... may be subsequently decided." **Id.**, at 629, 32 S.Ct., at 588 (emphasis added). The Court has not deviated from this view. . . [T]o hold that the Constitution requires that recidivism be deemed an "element" of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as "go[ing] to the punishment only." **Graham**, **supra**, at 629, 32 S.Ct., at 587–588.

*Almendarez-Torres v. United States*, 523 U.S. 224, 243–244 (1998).

Thus, because recidivism is a sentencing factor, not a factual element, the lower standard of proof in section 9714 does not violate *Alleyne*. In fact, *Apprendi* and its progeny expressly delineate an exception to the general rule for "prior convictions." *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne*, 133 S.Ct. at 2160 n.1 ("In *Almendarez–Torres*, we recognized a narrow exception to [the] general rule for the fact of a prior conviction."); *Riggle*, 119 A.3d at 1064 ("In *Alleyne*, the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact."). Appellant's contrary claim fails.

Appellant's final challenge is to the alleged miscalculation of the offense gravity score ("OGS") for "intent to deliver marijuana less than a pound." Appellant's Brief at 23. According to Appellant:

> the sentencing guideline forms mislabeled the offense gravity score to be a 5.
>
> Pursuant to the offense listing 303.15 under 35 P.S. 780-113(a)30 in regards to marijuana less than a pound it reads as follow[s]:

Marijuana (<lb. or <10 live plants) Class F Gravity Score 3 Prior Record 2

With this correction, the Appellant who[se] prior record score was determined to be RFEL and with a[n] offense gravity score of 3, the sentence in the standard range would be 12-18 mos +/- 3.

Thus, the current sentence of 30 mos. exceeds the guideline recommendation for the standard range and the sentence imposed on June 26, 2013 without the Appellant's presence to object to the error must be vacated so the sentencing court can have a correct starting point.

Appellant's Brief at 23–24.

The PCRA court determined that Appellant did not raise this issue in the instant PCRA petition, and therefore, denied relief on the basis of waiver. PCRA Court Opinion, 7/8/15, at 3. We affirm the denial of relief on this issue but on different grounds. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.") (citation omitted)

Appellant's claim that his sentence was based on an allegedly inaccurate OGS is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Lamoda*, 52 A.3d 365, 371 (Pa. Super. 2012). Such a challenge is not cognizable under the PCRA. 42 Pa.C.S. §§ 9543(a)(2). Furthermore, Appellant's assertions that he was not present in court to object to this error and that he received the sentencing order after filing his notice of appeal are irrelevant. Appellant's Brief at 15, 24. Technically, the instant challenge relates back to Appellant's original 2007 sentence when the OGS for the drug offense was first calculated. Guideline Sentencing Form, 6/25/07, at Count 6. Thus, Appellant's OGS issue is waived because he did

- 14 -

not raise it at or after the 2007 sentencing hearing, or on direct appeal from the 2007 sentence. 42 Pa.C.S. § 9544(b).

In sum, we affirm the PCRA court's order to the extent that it denied relief on Appellant's **Alleyne**/**Hopkins** and OGS claims. We vacate the PCRA court's order to the extent that it purportedly imposed fees and costs as part of the 2013 sentence, and we remand for a determination of whether Appellant is responsible for fees and costs.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

- 15 -